IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DELTA CAB ASSOCIATION, INC.,
et al.,

    Plaintiffs,

    v.

CITY OF ATLANTA, GEORGIA,

    Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-2218-TWT

**OPINION AND ORDER**

The Plaintiffs contend that their inability to obtain a permit to operate a taxicab company in Atlanta violates their rights under the Fourteenth Amendment. The Plaintiffs argue that Atlanta's procedures for providing taxicab owners with required permits are discriminatory and arbitrary, and that the City is interfering with their right to run their own taxicab business. However, the City's policies and procedures have a rational basis, and the Defendant's motion for summary judgment should be granted.

**I. Background**

The City of Atlanta's taxicab industry is regulated by Chapter 162, Article II of the City's Code of Ordinances. The Vehicle for Hire Division enforces the taxicab ordinances. The ordinances limit the total number of operating taxicabs in the City and

impose requirements on putative owners and operators of taxicabs and taxicab companies.

The Vehicle for Hire Division issues three separate permits that form the basis of the Plaintiffs' contentions. First, all taxicabs in the City must have a Certificate of Public Necessity and Convenience ("CPNC"). The ordinances cap the total number of available CPNCs at 1600 for the whole City. These certificates are freely transferable, and private parties own 1,555 of the permits while the City retains the remaining 45.[1] Next, all taxicab drivers must hold a Driver Permit issued by the Vehicle for Hire Division. To obtain a Driver Permit, a taxicab driver must submit a written statement from a CPNC holder and a Company Permit showing the driver's affiliation. Finally, the division issues Company Permits, which are required to operate a taxicab company in Atlanta. To obtain a Company Permit, a company must own or lease 25 taxicabs and maintain at least 25 CPNCs.

The Plaintiffs seek to operate their own taxicab company but they do not have the requisite CPNCs. They claim that the City's failure to transfer to them the 45 CPNCs the City holds violates the Equal Protection Clause and the Plaintiffs' procedural due process rights.

## II. Legal Standard

---

[1] See Atlanta City Ordinances, Chapter 162, Article II.

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[2] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[3] The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.[4] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[5] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[6]

### III. Discussion

The parties both seek summary judgment on the three counts of the Plaintiffs' complaint: declaratory relief for a violation of procedural due process; declaratory

---

[2] FED. R. CIV. P. 56(c).

[3] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[4] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[6] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

relief for a violation the Equal Protection Clause; and for injunctive relief.[7] The City argues that the Plaintiffs' claim for violation of their procedural due process rights must fail because they have not shown they have an unhindered right to CPNCs and because they can obtain CPNCs from other sources. The City further argues that the Plaintiffs' claim for a violation of the Equal Protection Clause must fail because non-holders of CPNCs are naturally treated different from CPNC holders and because the City's regulations are rationally related to a legitimate municipal objective.

### A.      Procedural Due Process

The Plaintiffs cannot show a deprivation of their procedural due process rights here because they cannot show that they have a property interest in a benefit. A person claiming a property interest must "have a legitimate claim of entitlement to it."[8] Legitimate claims of entitlement stem from "rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."[9]

Here, the Plaintiffs claim a property interest in either obtaining enough CPNCs to obtain a Company Permit, or in obtaining CPNCs in general. However, the City's

---

[7]     The Plaintiffs voluntarily dismissed their count for a violation of substantive due process rights.

[8]     Doe v. Florida Bar, 630 F.3d 1336, 1342 (11th Cir. 2011) (citing Board of Regents v. Roth, 408 U.S. 564, 577 (1972)).

[9]     Id. (citing Roth, 408 U.S. at 577).

regulatory scheme makes clear that the number of CPNCs in circulation will be limited. Thus, the rules in place limit legitimate claims of entitlement to CPNCs rather than create claims of entitlement to them. Indeed, a quintessential property interest "is an individual entitlement grounded in state law, which cannot be removed except for cause," not an entitlement to a city permit of which there are limited numbers.[10] Further, the City itself only holds 45 of the 1600 CPNCs in circulation, and the Plaintiffs, like all potential cab drivers in Atlanta, can buy the CPNCs from current holders. Because the local regulatory scheme makes clear that not everyone will be entitled to CPNCs, and because the scheme encourages the private transfer of CPNCs, the Plaintiffs have not shown a legitimate claim of entitlement to the CPNCs or the related Company Permits. Accordingly, the City's motion to dismiss should be granted in this respect.

### B. Equal Protection

The Plaintiffs claim they were denied equal protection of the law based on their classification as non-CPNC holders. But the City can legally treat CPNC holders different than non-CPNC holders without violating the Equal Protection Clause.[11] In any event, the City's regulatory scheme for taxicab permitting is rationally related to

---

[10] Id. (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982)).

[11] See E&T Realty v. Strickland, 830 F.2d 1107, 1111 (11th Cir. 1987).

a legitimate municipal objective. When it authorized municipalities to require CPNCs, the General Assembly stated that municipalities are legitimately concerned with the qualifications of cab drivers, the location and accessibility of taxicabs, and the insured state of taxicab companies.[12] Further, this Court has previously held that similar ordinance requirements serve legitimate governmental interests.[13] Indeed, in Kansas City Taxi Cab Drivers Ass'n, LLC v. City of Kansas City, Mo., a case very similar to this one, the Eighth Circuit specifically concluded that municipal ordinances that favor existing firms, like the ordinances here, are constitutionally permissible.[14] Because the Plaintiffs cannot show that they are due any additional protection under the Equal Protection Clause as non-CPNC holders, and because the City's taxicab regulatory scheme is rationally related to a legitimate government interest, the City's motion to dismiss should be granted in this respect. Additionally, because the Plaintiffs cannot show violations of their procedural due process rights or of their rights under the Equal Protection Clause, the Plaintiffs are not entitled to injunctive relief.

---

[12]  See O.C.G.A. § 36-60-25(a).

[13]  See Airport Taxi Cab Advisory Comm. v. City of Atlanta, 584 F. Supp. 961, 970 (N.D. Ga. 1983).

[14]  742 F.3d 807, 809 (8th Cir. 2013).

## IV. Conclusion

For the reasons set forth above, the Plaintiffs' Motion for Partial Summary Judgment [Doc. 68] is DENIED and the Defendant's Motion for Summary Judgment [Doc. 76] is GRANTED. The Plaintiffs' Motion for Oral Argument [Doc. 89] is also DENIED.

SO ORDERED, this 21 day of August, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge